Stock, Respondent, vs. Kern, Appellant.

*February 23—March 15, 1910.*

*Master and servant: Injury from dangerous machinery: Assumption of obvious risks: Proximate cause: Burden of proof.*

1. Dangers incident to the operation of a machine which are open and obvious to any person of ordinary intelligence are assumed by a servant who undertakes the employment of operating it.
2. The fact that a machine whose operation was attended with obvious danger might possibly have been equipped with appliances which would render it less dangerous affords no ground for complaint to one who undertook to operate it, the employer having the right to use such a machine if he thereby violated no positive law and did not expose his employees to hidden dangers.
3. In an action for an injury sustained by an employee while operating an obviously dangerous machine the burden is upon plaintiff to show that the injury was proximately caused by the alleged negligence of the defendant; and proof which is as consistent with a theory that the injury was due to a cause not actionable as with a theory that it was due to an actionable cause is not sufficient to carry the case to the jury.
4. The evidence in this case is *held* not to show a causal connection between the alleged negligence of the defendant in running at a slow speed the splitter saw at which plaintiff was working and the injury to plaintiff occasioned by the turning of a stave bolt which he was feeding into the saw and by his hand slipping and coming in contact with the saw.

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge. *Reversed.*

This is an action to recover damages for an injury to plaintiff's right hand, alleged to have been caused by the negligence of the defendant. At the time the injury was received the plaintiff was twenty-eight years old. He had lived on a farm until he was twenty-one, and thereafter had worked one winter in the woods, and subsequently had fired in the Glidden Veneer Factory. For five years he had fired in the factory, and when not so busied he worked about the town or in the

mill as a laborer.   He had worked at a veneer saw in the mill off and on some eight months in all.   This was the only machinery, except farm machinery, at which he had worked prior to the time of the accident.   The veneer saw was about sixteen inches in diameter.   It was used to cut logs into veneer.   This was accomplished by putting the log into a vise, when by means of a lever the log and the saw would be brought together and the revolving saw would cut off veneer of the thickness desired.

The defendant's stave mill and millyard were in the entire charge of his foreman, who, on the day previous to that on which plaintiff's injury was received, employed the plaintiff and offered him his choice of several jobs.   Plaintiff chose the job of operating a "splitter" machine, which would pay him best.   The foreman had known the plaintiff for several years and had worked in the veneer factory with him.   Essentially, the splitter consists of a large circular saw thirty-eight to forty inches in diameter, mounted upon a framework and connected with the power of the mill so as to revolve toward the operator.   The saw projects eighteen or twenty inches above the table.   Big bolts from the cut-off saw were placed upon the table lengthwise, held firmly by the operator, and pushed by him against the saw.   These big bolts, ordinarily ten or twelve inches in diameter, were to be cut into smaller ones and the slabs were to be taken off.   The smaller bolts thus produced were of various sizes, depending upon the size of the big bolts which were to be split up.

Plaintiff went to work on the morning of January 22, 1908. An employee of the defendant, while plaintiff was observing him, cut some of the big bolts in order to show the plaintiff how to operate the splitter saw, and plaintiff then went to work.   He had worked for a little over an hour when he took up a tamarack bolt, about five and one-half inches in diameter and thirteen inches long, to feed it into the saw.   He sawed about one and one-fourth inches into the bolt, when it turned

and slipped out of his hand. His hand was thrown against the saw. Two fingers were cut off, and a third finger, which was cut into, has become stiffened and cannot be closed.

The complaint alleges negligence on the part of the defendant in several respects. The machine is alleged to have operated defectively by reason of the defective character of the belt by which the machine was connected with the power shafting. It is claimed that the belt slipped on the pulleys by which power was transmitted to the machine, because of the material of which the belt was made, and also because the belt was too loose, thus causing an irregular movement of the machine. It is also alleged that the saw was operated at too slow a speed, and that this rendered the operation of the saw more difficult and dangerous to the operator and caused his hand to come into contact with the saw. The alleged icy condition of the bolt which plaintiff was cutting and the absence of a guide or a clamp upon the machine are alleged as negligences on the part of the defendant.

The jury found that the plaintiff did not know the safe manner of operating the machine; that he had not been instructed as to such manner of operating it; that the splitter machine was not reasonably safe as equipped with appliances for operation; that the speed of the saw was so slow as to be dangerous; that these various negligences were each a proximate cause of the plaintiff's injury; that the plaintiff did not assume the risk of the employment; and that the plaintiff was entitled to $1,200 as damages. This is an appeal from the judgment on the verdict.

For the appellant there was a brief by *Lamoreux, Shea & Cate,* and oral argument by *W. F. Shea.*

*W. Stanley Smith,* for the respondent.

SIEBECKER, J. The jury found that the splitter machine, as equipped and operated, was not a reasonably safe one for the purpose for which it was used; that the speed of the saw,

as operated at the time the plaintiff was injured, was so slow
as to render it dangerous to the plaintiff, who was operating
it; that the plaintiff was ignorant of such dangers; and that
the defendant failed to instruct or warn him as to the dangers
incident to the operation of the machine.    The appellant con-
tends that the court erred in refusing to direct a verdict for
the defendant, upon the grounds that there was no evidence
showing negligence in any of the respects alleged, and that the
plaintiff's injury resulted from open and obvious dangers in-
cident to the operation of the saw in defendant's business.
The evidence shows that the plaintiff was operating the split-
ter saw, and that after he had worked a little over an hour
feeding it he was running a bolt through the saw, when it
turned, his hand slipped, came in contact with the running
saw, and was injured to the extent above stated.    There is
evidence that the operation of the machine, as constructed,
was attended with dangers to the operator feeding bolts into
the saw, but so far as disclosed these dangers existed in a lia-
bility that the operator's hands would come into contact with
the revolving saw while he was feeding it as usual.    It is
manifest that such dangers were incident to the operation of
the machine and were open and obvious to any person of or-
dinary intelligence.    The fact that the machine might pos-
sibly have been equipped with guides and carriages and
thereby have been rendered less dangerous affords no ground
for complaint under the circumstances shown, for the reason
that the defendant had the right to conduct his business and
use this machine as he did, provided he thereby violated no
positive law and did not expose his employees to hidden dan-
gers.    Where a servant undertakes an employment under such
conditions he assumes all the obvious dangers and hazards.
*Guinard v. Knapp-Stout & Co. Co.* 95 Wis. 482, 70 N. W.
671; *Faber v. C. Reiss C. Co.* 124 Wis. 554, 102 N. W. 1049;
*Schmitt v. Hamilton Mfg. Co.* 135 Wis. 117, 115 N. W. 353.

It is contended that the evidence tends to show that the de-
fendant was negligent in not running the saw at a sufficiently

high speed to render its operation reasonably safe; that the danger incident thereto was hidden and unknown to the plaintiff; that he had not been warned of the danger; and that, since the jury found the default of the defendant in this respect to have been the proximate cause of the injury, the defendant must be held to have been guilty of actionable negligence. If it be assumed that the defendant was negligent in this respect, we still find no established ground showing that the defendant is liable, for the evidence fails to show that such alleged negligence caused plaintiff's injury. As above stated, the accident was occasioned by the bolt turning while the plaintiff had hold of it and was feeding it into the saw and by his hand slipping and coming in contact with the saw. What caused the bolt to turn and plaintiff's hand to slip is a matter of speculation and conjecture in the light of the evidence. Plaintiff asserts that it was the slow speed of the saw; but the visible and external facts and the accompanying circumstances fail to show any such causal connection. There is nothing in the nature of the situation or of the surrounding conditions to indicate that the slow speed of the saw turned the bolt or produced a condition which brought about this result. Counsel has not pointed out why or how the speed of the saw turned the bolt and thus produced the injury, nor do we perceive anything in the accompanying circumstances which tends to establish a causal connection between the speed of the saw and the turning of the bolt. We are led to the conclusion that the court erred when the jury were instructed that the evidence permitted of an inference that the slow speed of the saw was the proximate cause of the plaintiff's injury. The burden rested on the plaintiff to show with reasonable distinctness that the injury was proximately caused by the alleged negligent conduct of the defendant.

"This burden is not met by proof which is as consistent with a theory that . . . [the injury] was due to a cause not actionable as with a theory that it was due to an actionable cause, and in such a state of the proof the case fails to come

within the proper province of the jury." *Schell v. C. & N. W. R. Co.* 134 Wis. 142, 113 N. W. 657; *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729.

Upon the record, we are constrained to hold that there was no evidence upon any of the alleged grounds of negligence to carry the case to the jury, and that the motion for a verdict in defendant's favor should have been granted.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to award judgment dismissing the action.