KASZUBOWSKI, Appellant, vs. JOHNSON SERVICE COMPANY, Respondent.

*October 12—October 29, 1912.*

*Master and servant: Personal injury: Burden of proof: Establishing cause: Conjecture: Taking case from jury.*

1. In a personal injury action the burden is upon plaintiff to show to a reasonable certainty that defendant was negligent and that such negligence was the proximate cause of the injury.
2. It is not sufficient in such a case to show two or more possible causes, some of which are actionable and others not, and from such evidence permit the jury to speculate as to which one occasioned the injury.
3. While mounting a ladder to inspect a ventilating fan in defendant's engine room, plaintiff, a carpenter in defendant's employ, slipped and his hand was involuntarily thrown into the fan and injured. Assuming, as claimed by the plaintiff, that grease on his shoes caused him to slip, yet, there being no evidence from which the jury could determine whether such grease came from the floor of the engine room or from the floor of the garage which plaintiff had crossed before entering the engine room and of the greasy condition of which he knew, and, even if it were conceded that the grease came from the engine-room floor, there being no evidence that it had remained upon such floor long enough to show negligence on defendant's part, a verdict for defendant was properly directed.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action for personal injuries. The complaint alleges that on the 30th day of June, 1910, and for some time prior thereto, the plaintiff was employed by the defendant as a bench carpenter and cabinet maker; that on said day he was ordered to remove a ventilating fan from the south window to the north window of the engine room of the building occupied by the defendant. The engine room was located in the basement of the building and was about three or four feet below the level of the basement floor of the building, and about five or six steps led from the basement floor to the engine room. It is further alleged that on said 30th day of June, 1910, and for a long time prior thereto, the defendant carelessly and negligently caused and permitted the floor of the engine room to be and remain in a greasy, wet, oily, and filthy condition, and that the engine room was inadequately lighted by reason of the fact that the windows were covered by a thick wire screen, which prevented sufficient light from entering the engine room; that by reason of such darkness the floor of the engine room could not be seen by a person in the exercise of due care, and was not, and could not have been, seen by plaintiff, and that plaintiff did not know the condition of the floor of the engine room. It is further alleged that in order to reach the fan to be removed it was necessary for plaintiff to walk across the floor of the engine room; that he did so in the exercise of ordinary care, and upon reaching the place where the fan was located, and which he was ordered to remove, he ascended a ladder that was resting on the floor of the engine room and against the window sill to inspect the fan preparatory to removing the same, when, by reason of grease and oil which had accumulated on the soles of his shoes, unknown to him, he slipped, and his right hand was caught in the sharp blades of the revolving fan and the first three fingers thereof were cut off. It is further alleged that, by reason of the carelessness and negligence of the defendant in causing or permitting the aforesaid engine room and the

entrance thereto to be and remain in a dark and dangerous condition, and in causing and permitting the floor of said engine room to be and remain in a dirty, greasy, and oily condition, and in not providing plaintiff with a reasonably safe place in which to work, plaintiff was and is permanently disabled from pursuing his occupation as a bench carpenter, to his damage in the sum of $10,000.

The answer admitted the formal allegations of the complaint and that plaintiff was injured while in defendant's employ, but denied that such injury was caused by reason of any negligence on the part of the defendant, and alleged that such injuries as plaintiff may have suffered were caused by his own negligence, and also alleged that the risk and danger from which the plaintiff suffered were open, obvious, and well known to and assumed by him.

At the close of the testimony the court granted defendant's motion to direct a verdict in its favor. From a judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *Kronshage, Hannan & McMillan,* and oral argument by *F. A. Hannan.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Irving A. Fish,* of counsel, and oral argument by *Mr. Fish.*

VINJE, J.    The evidence as to the condition of the floor of the engine room and as to whether or not the engine room was sufficiently lighted is conflicting. The plaintiff's testimony shows that the engine room was in an oily, greasy, and filthy condition, that oil dripped from the engine almost constantly, and that the floor was not kept clean. His testimony also is to the effect that the engine room was dark by reason of the fact that wire screens were placed over the windows, and the windows were not kept clean. On behalf of the defendant the testimony is that, while more or less oil and grease dripped from the engine, the engine room was cleaned

twice a week, and there was ample light coming through the windows for observing the floor of the engine room. It is conceded that it was necessary for plaintiff, in order to reach the fan, to walk across the engine-room floor. If the correctness of the court's ruling depended upon the questions as to whether or not the engine-room floor was reasonably clean or the engine room was adequately lighted, then the judgment would have to be set aside, because those were, under the evidence, questions for the jury. *Harris v. Cameron,* 81 Wis. 239, 247, 51 N. W. 437. But in view of the evidence as to which there is no conflict we have reached the conclusion that the judgment must be affirmed.

The basement floor, not including the engine room, was known as the garage, and was used by the defendant for repairing automobiles. The evidence shows that plaintiff was familiar with the use to which this floor was put and with the operations there carried on. In the west side of the garage there was a wash rack, and at the northeast corner there was a bench where a steam pipe came out from the boiler room which was used in blowing grease and dirt out of differential and gear casings. Water was also used on the wash rack for the same purpose. On the morning in question some gear casings were blown out which deposited a great deal of dirt and grease on the floor. To the knowledge of plaintiff, the character of the work carried on in this room made the floor wet, greasy, or dirty at all times. In order to reach the engine room plaintiff crossed the garage diagonally from the southwest corner to the northeast corner, passing the wash rack and the bench where the grease was deposited on the floor in cleaning the differential and gear casings, and entered the engine room by descending the flight of steps in the northeast corner of the garage. He then went around the engine and generator, which stood in the center of the room, and came to the ladder. He went up to about the sixth rung to look at the fan, when his foot slipped on the rung and his hand

was involuntarily thrown into the fan and injured.   After the accident he went back through the engine room, recrossed the garage floor substantially the same way he crossed it upon entering, and was taken to a hospital.   When he reached the hospital he found his shoes were greasy along the sole, the ball of the foot, and heel.   He testified that he found a crease on the grease or sole of his shoe indicating where his shoe slipped on the rung.   The ladder was selected by a fellow-servant from a number of ladders owned by the defendant, and there is some testimony to show that the ladder itself was greasy.   Assuming that the evidence would warrant the jury in finding to a reasonable certainty that there was grease on the plaintiff's shoe at the time he mounted the ladder, and as-suming further that a finding to the effect that the grease on his shoe caused plaintiff to slip would be warranted, still there is no evidence in the case from which the jury could find that the grease on plaintiff's shoe became attached thereto on the engine-room floor.   It is a mere guess as to whether it be-came attached there or on the garage floor.   The evidence is conflicting as to whether or not there was grease on the engine-room floor, but there is no dispute about the fact that the garage floor was greasy and oily at and over the place where plaintiff walked just previous to his injury, and the trial court correctly held that plaintiff was chargeable with knowl-edge of the condition of the garage floor and assumed the risk from walking thereon and any risk incident to grease becom-ing attached to his shoes by reason of walking over such floor. Moreover, if it be conceded that the grease became attached to his shoe on the engine-room floor, it does not appear from the evidence, and it would be a mere guess to infer, that it came from grease, oil, or filth deposited there a sufficient length of time to constitute negligence on the part of the defendant in not having it removed.   It is a matter of common knowledge that oil is constantly used in an engine room, and that more-or less oil does or may drip from an engine in operation.   For

aught that appears, if the oil or grease became attached to the shoe in the engine room it may have been oil or grease deposited there but a few moments. So it is evident that it would be impossible to determine with reasonable certainty whether or not the grease became attached to the shoe on the garage floor, or, if in the engine room, that it was grease negligently allowed to remain there.

In treating the case we have assumed that the grease was on plaintiff's shoe at the time he slipped, that there was no grease on the ladder, and that the grease caused him to slip. These assumptions are perhaps more favorable to plaintiff than the evidence would warrant, especially as to the grease on the ladder. But, even indulging in these presumptions in favor of the plaintiff, the fact remains that it would be impossible to trace the grease on plaintiff's shoe with reasonable certainty to an actionable cause for which defendant was responsible. This burden is placed upon every plaintiff in a personal injury action. It is incumbent upon him to show to a reasonable certainty that the defendant was negligent and that such negligence was the proximate cause of his injury. It is not sufficient to show two or more causes, some of which are actionable and some of which are not, and from such evidence permit the jury to guess or speculate as to which one of the two occasioned the injury. *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Hamann v. Milwaukee B. Co.* 127 Wis. 550, 106 N. W. 1081; *Schell v. C. & N. W. R. Co.* 134 Wis. 142, 113 N. W. 657; *Hart v. Neillsville,* 141 Wis. 3, 123 N. W. 125; *Stock v. Kern,* 142 Wis. 219, 125 N. W. 447; *Houg v. Girard L. Co.* 144 Wis. 337, 129 N. W. 633; *Samulski v. Menasha P. Co.* 147 Wis. 285, 133 N. W. 142. The trial court, therefore, properly directed a verdict for the defendant because the evidence failed to disclose that defendant's negligence, if any there was, constituted the proximate cause of plaintiff's injury.

*By the Court.*—Judgment affirmed.