HANSEN, Administrator, Appellant, vs. MILWAUKEE COKE
　　　　　　　& GAS COMPANY, Respondent.

*November 21—December 9, 1913.*

*Master and servant: Negligence: Death of employee: Nonsuit: Un-
guarded machinery.*

In an action for death of an employee whose duty it was to grease
　　the cables which operated the machinery in defendant's plant
　　and whose body was found suspended from angle irons or
　　girders in the shaft of a heavy counterweight which was a part
　　of the apparatus used in the plant for handling coal, a judg-
　　ment of nonsuit is *held* to have been proper, there being no
　　evidence sufficient to warrant a finding that any negligence
　　of defendant contributed to the injury or death of the de-
　　ceased, and the whole question as to how he came in contact
　　with the counterweight being matter of conjecture.　[Whether
　　the apparatus in question was a "gearing," a "hoist," or an
　　"elevator," which the statute (sec. 1636*j,* Stats.) required to be
　　guarded, is immaterial and is not considered.]

APPEAL from a judgment of the circuit court for Mil-
waukee county: FRANK A. ROSS, Judge. *Affirmed.*

This action was brought by the plaintiff to recover damages for the death of his son, who was killed in the defendant's plant in Milwaukee April 28, 1911, by being caught by a large metal counterweight which moved up and down between guides and which was a part of the mechanical apparatus used in the defendant's plant for handling coal. The machinery in question consisted of a coal bridge about 550 feet in length, one end of which stands on a pivot, which pivot is about thirty feet high. On top of the pivot is a track upon which trucks are operated, upon which rests an upright structural steel frame about forty feet high, which supports the end of the bridge proper. The other end of the bridge runs on a semi-circular track and can be moved through a half circle. There are ladders on one side of this upright frame at the pivot end of the bridge and platforms for mounting to the top of the bridge with railings around the platforms. On the side opposite the ladders and platforms and about thirty feet distant therefrom on the outside of the upright frame were guides for the counterweight, which ran from near the tracks on which the bridge revolved almost to the top of the bridge. There was a platform used for oiling the sheaves of the counterweight which was reached from the engine house. It was the duty of one Joe Maroon to oil the sheaves of the counterweight, and for this purpose the machinery was always stopped and not started until Maroon gave the signal. Plaintiff's intestate was employed as a greaser, and it was his duty to clean the platforms, stairs, and ladders, and to grease the cables which operated the machinery. This greasing was done by holding a paint brush saturated with grease against the cable while in motion. At the top of the counterweight guides was a platform protected by railings where the plaintiff's intestate could reach the counterweight cable where it went over the sheave, at which point he was instructed to grease the cable and where he did customarily grease it.

There was a five-ton coal bucket operated by the machinery used for carrying coal from the yard below the bridge to the hopper in the pivot. The counterweight which ran in the guides went up when the bucket went down and an operator controlled it. The bucket was raised and lowered once in about four minutes, that being the required time to carry and discharge a load.

The plaintiff's intestate was last seen alive at the door of the engine room about ten feet from the bottom of the guides of the counterweight. The body was found hanging in the shaft of the counterweight suspended from angle irons or girders.

At the close of the evidence on the part of the plaintiff the court ordered a nonsuit. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.*

KERWIN, J. We think the court below was right in granting a nonsuit. There is no evidence in the record sufficient to carry the case to the jury on the question of defendant's negligence.

Counsel for appellant argues that the coal-raising apparatus in question used to operate the large coal bucket was a "gearing," a "hoist," or an "elevator" within the meaning of sec. 1636$j$, Stats., and should have been guarded; that the counterweight was so located as to be dangerous to employees in the discharge of their duties; and that the failure to guard was the cause of the injury and death of deceased.

The principal part of appellant's argument is devoted

to this subject. It is insisted by counsel for appellant that the judgment of nonsuit was granted on the ground that the case does not come within the provisions of sec. 1636*j*, hence there was no duty upon the defendant to guard the counterweight. But it will be seen from an examination of the opinion of the court below that the nonsuit was not based upon that ground alone; the court also held that the plaintiff failed to establish that the deceased met his death while in the line of his duty imposed by his employment, and that the evidence is insufficient to place the liability upon the defendant in any event.

In the view we take of the case it is unnecessary to consider whether the counterweight was a gearing, a hoist, or an elevator which the statute required to be guarded, because in any view of the case there is no evidence sufficient to warrant the jury in finding that any negligence of defendant contributed to the injury or death of the deceased. The whole question as to how deceased came in contact with the counterweight is matter of conjecture.

Upon the undisputed evidence this case is ruled in respondent's favor by the following cases in this court: *Hamann v. Milwaukee B. Co.* 127 Wis. 550, 106 N. W. 1081; *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Kaszubowski v. Johnson S. Co.* 151 Wis. 149, 138 N. W. 54; *Stock v. Kern,* 142 Wis. 219, 125 N. W. 447.

We deem further discussion of the case unnecessary. We are convinced that the court below was right in ordering a nonsuit.

*By the Court.*—The judgment is affirmed.