Jacob, Administratrix, Appellant, vs. Chicago & North-western Railway Company, Respondent.

*December 10, 1914—January 12, 1915.*

*Railroads: Duty to licensees or trespassers on trains: Injury to boy riding between freight cars: Negligence: Contributory negligence: Directing verdict.*

1. Plaintiff's intestate, a boy sixteen years old, who had been riding in a dangerous position between two box cars drawn by a switch engine on a switch track, jumped or fell therefrom and was killed. There being no evidence sufficient to warrant the jury in finding that there was any negligence in operating the train or defect in the track which caused the injury, or that the boy

was thrown or jarred from the train thereby, and it appearing from the undisputed evidence that he was himself negligent, a verdict for defendant was properly directed.

[2. Whether a railway company owes any duty to a mere licensee or discovered trespasser riding on its train, to keep its track in repair or observe statutory limitations as to speed within city limits, not decided.]

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The plaintiff brings this action to recover damages for the death of her son, alleged to have been caused by the negligence of the defendant. The complaint alleges that the deceased was invited to ride upon defendant's freight train and took a position between two freight cars, ignorant of the dangers, and that the train was run at an unlawful rate of speed over a defective track and deceased was thrown off and killed. The answer sets up that deceased was a trespasser and was injured while trying to jump from a moving train, and denies generally the material allegations of the complaint. At the close of the evidence the court directed a verdict for the defendant, and ordered judgment for defendant dismissing the complaint. Judgment was entered accordingly and plaintiff appealed.

For the appellant there was a brief by *Mark Catlin,* attorney, and *Francis S. Bradford,* of counsel, and oral argument by *Mr. Bradford.*

*Edward M. Smart,* for the respondent.

KERWIN, J. The deceased was sixteen years of age, worked for the Standard Manufacturing Company in the eastern part of the city of Appleton, Wisconsin, and lived in the western part. Defendant's road ran to the place where deceased worked, and from there in a westerly direction to a point within a few blocks of where deceased lived. The train in question consisted of an engine and two box cars and was being operated upon a side or switch track. The switchman,

Mike Crow, was in charge of the switch engine and two cars in question. Plaintiff offered evidence tending to show that Crow invited the deceased and three other boys to ride, and that they got on the cars in accordance with the invitation, deceased taking a most dangerous position between the two cars with his feet on the brakebeam under the car and holding on the handhold at the rear end with his hands; that the track was rough and out of repair and the train ran more than twelve miles an hour within the corporate limits of the city where deceased was injured.

While some of the witnesses testified in a general way that the train ran at a much greater speed than twelve miles an hour, it was established by their cross-examination and other credible, undisputed evidence and physical facts that the train at the time of injury was not running at a greater speed than twelve miles per hour.

Another ground of negligence charged was that a rail in the track was defective or broken. It is claimed that this broken rail was at the point of injury and caused the deceased to be thrown from the car and killed. On this point also there was not sufficient evidence to carry the case to the jury. The evidence shows without substantial dispute that the defective rail was some fifty feet beyond the point where deceased was killed, and moreover deceased was riding on the opposite side of the track from the defective rail and would not be affected by the jar of the car in running over the defective rail. It is also without dispute that the switchman, Crow, in charge of the train did not know of the dangerous position of deceased on the car.

The plaintiff offered some evidence that the switchman, Crow, invited deceased and three other boys with him to ride. This was positively denied by Crow. Moreover under the rules of the defendant in force at the time of the injury the switchman, Crow, had no authority to permit the boys to ride upon the train. It is also insisted by respondent's counsel

that Crow had no apparent authority to invite or permit the
boys to ride and that the boys were bound to know this, and
several authorities are cited upon this point, among others
*Driscoll v. Scanlon,* 165 Mass. 348, 43 N. E. 100; *Railway
Co. v. Bolling,* 59 Ark. 395, 27 S. W. 492; *Bowler v. O'Con-
nell,* 162 Mass. 319, 38 N. E. 498, 27 L. R. A. 173; *Clark
v. C. & N. W. R. Co.* 165 Fed. 408, 19 L. R. A. N. S. 988;
*Snyder v. H. & St. J. R. Co.* 60 Mo. 413; *Schulwitz v. Delta
L. Co.* 126 Mich. 559, 85 N. W. 1075; *Sweeden v. Atkinson
I. Co.* 93 Ark. 397, 125 S. W. 439.

It is argued that upon the undisputed facts and authorities
cited the deceased was not a licensee, but a discovered tres-
passer, even if Crow's acts caused him to fall off, hence no
duty rested upon the defendant or its servants except not to
wantonly injure him. We do not find it necessary to deter-
mine this question.

The track in question was a switch track and not a part of
the main line. The train was not a passenger train, but
merely a switch engine used to switch freight cars into posi-
tion. The evidence is clear and undisputed that deceased was
guilty of contributory negligence. It is also clear that the
evidence was not sufficient to warrant the jury in finding that
there was any negligence in operating the train, or defect in
the track, which caused the injury. Moreover, there is no
evidence that deceased was jarred or thrown from the train
because of speed or defect in the track. On the contrary,
there is evidence that he was injured in jumping off. After
the injury deceased stated that he fell while jumping from
the train. There are also other circumstances which corrob-
orate this evidence. So it appears that there is a lack of
proof that deceased was thrown off, hence no liability on any
theory of the case is established. *Shevlin v. American M. A.
Asso.* 94 Wis. 180, 68 N. W. 866; *Breen v. I. C. R. Co.*
(Iowa) 143 N. W. 846; *Stock v. Kern,* 142 Wis. 219, 125 N.
W. 447; *Kaszubowski v. Johnson S. Co.* 151 Wis. 149, 138

N. W. 54. Whether the defendant owed any duty to a mere licensee or discovered trespasser to keep its track in repair or observe statutory limitations as to speed within city limits we need not and do not decide.

It follows that the judgment below is right and must be affirmed.

*By the Court.*—The judgment is affirmed.