ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, Appellant, vs. BOWERS and another, Respondents.

*February 10—March 9, 1920.*

*Master and servant: Death of employee: Failure to warn employee of danger incident to employment: Evidence: Res ipsa loquitur: Falling of steam coil while being moved: Contributory negligence: Proximate cause.*

1. Where the defendants undertook to repair steam coils in the plant of a manufacturing company, and their employee in charge of the work called for one of the employees of the manufacturing company as a helper, and the helper was informed of his duties and the danger incident to the moving of the coils was obvious, it is *held* that the death of the helper by the tipping of one of the coils was not proximately caused by the failure of the defendants to warn and instruct him as to the dangers incident to the work.

2. Where the employee of the defendants was engaged in moving the coil by the application of a pinchbar and the deceased was

holding it steady, the fall of the coil does not, under the rule of *res ipsa loquitur,* establish that the operator of the pinchbar was negligent, as the fall of the coil may have been purely accidental or caused by the failure of the deceased to hold it in an upright position.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

This action was brought by plaintiff against defendants to recover the sum of $10,000 for alleged negligence. The complaint alleges that the defendants were engaged in the business of steamfitting in the city of Milwaukee, doing business under the name of the Industrial Heating & Engineering Company; that on June 21, 1917, they were engaged in work for the American Malting Company of the same city, moving steam coils for the purpose of putting in a new foundation; that the servants of defendants while engaged in this task called for a helper from the American Malting Company, and one Valentine Jank was sent by his employer to assist the servants of defendants in their work; that this Valentine Jank received his instructions from a vice-principal of defendants, George A. Gerlach, who failed to instruct Jank properly of the dangers incident to the work at hand; that Gerlach negligently caused the coils to slip and fall onto Jank through his negligent manner of applying the pinchbar to move the coil on the I-beam on which it rested and on which it was being moved; that Jank was struck and killed by one of the coils which defendants' servants and Jank were moving.

The complaint further alleges that Alma Jank, widow of the deceased, presented a claim for compensation under secs. 2394—3 to 2394—31, Stats. The claim was assigned to the American Malting Company and from it to the *Zurich General Accident & Liability Insurance Company.* Defendants' answer denied that George A. Gerlach, at the time of the injury to Jank, was the employee or vice-principal of the defendants, and alleges that Gerlach, with an

assistant or helper, was, at the time of the injuries to Jank, hired by the American Malting Company from the defendants by the hour to do such work and perform it in such manner as the American Malting Company might direct. The defendants deny any negligence of Gerlach or their employees or agents which caused the death of Jank. The answer also sets forth the assumption of risk as a defense.

At the close of the trial defendants moved the court to instruct the jury to return a verdict for the defendants. This motion was granted and judgment entered accordingly. Appeal is taken from such judgment.

*Joseph B. Doe* and *Walter L. Gold,* both of Milwaukee, for the appellant.

*Edward W. Spencer* of Milwaukee, for the respondents.

SIEBECKER, J.    The evidence is clear that the defendants were conducting a business of industrial heating and engineering and that at the request of the American Malting Company they sent Gerlach, one of their employees, to repair the foundation of some steam coils at the Malting Company's plant. The facts show that this repair work was undertaken by defendants and that their agents and employees had full charge of the work and that Gerlach as their employee had control thereof for defendants. The evidence is without dispute that Gerlach, before commencing to move the steam coils preparatory to making the repairs on the floor, informed Jank respecting his duties in helping to move the coils. It is also plain that any danger incident to the operation of moving the coils, from their tipping over, must have been obvious to Jank as well as to the others engaged in this task. We find nothing in the case to sustain a claim that the injury to Jank resulting in his death was proximately caused by the negligence of Gerlach in failing to warn or instruct him as to the dangers incident to the tipping of the coils. The main controversy between the parties centers on the claim that the court erred

in holding that there is no evidence in the case tending to show that Gerlach negligently applied force at the base of the coils by means of a pinchbar for the purpose of moving them along and off from the I-beams to rollers. The second section of the coil which was thus being moved at the time of the accident is described as being composed of five rows of coils, four pipes to each coil, from twenty-five to thirty coils in each row, which were close together. The weight of each section, including its base, is estimated at from 1,400 to 2,000 pounds. They rested on I-beams which were somewhat out of level, so as to cause the coils to slant westward about ten degrees. Gerlach, who was in charge of the moving, used the pinchbar alternately on the north and south ends, applying pressure to the bar, and pinched the coil along the I-beams toward the west. Fewings and Jank stood at the north and south ends of the coils holding them steady and keeping them from wobbling. After Gerlach had pinched and moved the coil on the north end the second time and had stepped around the end near the brick wall to go to the south end, the coil began to tip westward, and continued to do so and fell over. It caught Jank and inflicted the fatal injuries.

It is urged that the evidence tends to show that the fall of the coil is *prima facie* evidence that the force last applied by Gerlach with the pinchbar was done in a negligent manner and hence was the proximate cause of the accident. The testimony does not show that Gerlach used the pinchbar in a way different from the way it had been used by him theretofore; that the manner of handling the pinchbar was dangerous or that he applied pressure in a manner different from the usual way, or that he performed this operation in these or other respects in a negligent manner, unless it can be said that the falling of the coil was due to the negligent manner in which Gerlach was using and operating the pinchbar to move the coil on the I-beams. An examination of all the facts and circumstances of the case fails to disclose

affirmatively that Gerlach negligently handled the pinch-bar or applied force thereon to accomplish the moving of the coil, aside from the fact that the coil tipped.    In the light of the conditions and circumstances under which this moving operation was being conducted, can it be said that the tipping is proof of the alleged negligence on the part of Gerlach? This we think cannot be said, for the reason that there is nothing disclosed in the manner in which the operation was performed to indicate a want of care, and it is also manifest that the coil may have tipped for want of having been prop-erly held by Jank or kept from wobbling by him, or from his failure to keep it steady in an upright position; nor do the facts and circumstances shown exclude the conclusion that the tipping of the coil may have been purely accidental and independent of what Gerlach did with the pinchbar.    In this state of the proof it cannot be held under the rule of *res ipsa loquitur* that the tipping of the coil in itself shows that the moving of it by Gerlach with the pinchbar establishes actionable negligence on his part.

The proximate cause of the tipping of the coil is shrouded in mystery and speculation, and the plaintiff has not estab-lished the alleged cause of action.    *Hansen v. Milwaukee Coke & Gas Co.* 155 Wis. 235, 144 N. W. 289; *Hotchkiss v. G. B. & W. R. Co.* 153 Wis. 340, 141 N. W. 231; *Stock v. Kern,* 142 Wis. 219, 125 N. W. 447.

*By the Court.*—The judgment appealed from is affirmed.