SCHELL, Administrator, Appellant, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Respondent.

*October 19, 1907—January 8, 1908.*

*Railroads: Negligence: Death of employee: Burden of proof: Evidence: Court and jury.*

1. In an action for the negligent killing of an employee of a railroad it devolves upon the plaintiff, under the burden of establishing the facts in issue, to produce evidence tending to show with reasonable distinctness how decedent came to his death.

2. Such burden is not met by proof which is as consistent with a theory that the death was due to a cause not actionable as with a theory that it was due to an actionable cause.

3. In such state of the proof the case fails to come within the proper province of the jury.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Affirmed.*

The plaintiff, as administrator of the estate of Samuel H. Smith, deceased, brings this action to recover the damages caused to his widow by the alleged wrongful acts of the defendant which are alleged to have caused decedent's death. The complaint alleges that decedent was a resident of this state, and on the 11th day of December, 1903, was in the employ of the defendant company as a watchman at the south entrance to a tunnel on defendant's railroad in Monroe county, and charges that his death was caused by the defendant's train, consisting of two engines and two cabooses, in passing through this tunnel. The specific negligence charged is that defendant omitted to provide proper and reasonably safe couplings on these cars and that it neglected to use ordinary care in inspecting and keeping these couplings in repair; that the brakes on said cars were not reasonably safe and appropriate for the purposes for which they were used; that defendant failed and neglected to equip this train with appliances which would automatically apply the brakes whenever the cars became uncoupled and stop the train and cars, which would in this case have prevented the accident to the decedent; that defendant neglected to furnish a reasonably safe roadbed through such tunnel, and that such defective roadbed caused one of the cabooses to become detached from the train, and that such caboose caused decedent's death; and that the train in question was run at so high and dangerous a rate of speed through this tunnel as to cause the detachment of the caboose. It is also alleged that defendant did not furnish decedent with a reasonably safe place in which to work, and failed to warn and instruct him as to the unusual and extraordinary danger of his employment from detached cars following trains passing his place of employment. Defendant denied being guilty of negligence in any of the respects charged in the complaint.

It appeared that the decedent had been in the employ of the defendant as watchman at the south entrance of this tun-

nel for some time before the accident; that in the perform-
ance of his duties he was required to be stationed on the north
side of the track near the south entrance doors of the tunnel;
that this tunnel is about three quarters of a mile long, and
that a watchman is also stationed at the north entrance doors.
It is each watchman's duty to give notice to the other of trains
about to enter the tunnel as well as of their exit from the
tunnel.    When trains approach to pass through the tunnel
the watchman at that end of the tunnel would give notice by
electric signals to the watchman at the opposite end, and he
was required to respond thereto and to inform the other
whether or not there was a clear track on his side of the tun-
nel.    If clear, the watchman at the end of the tunnel to
which the train was approaching would open the doors of the
tunnel for the train's passage.    After the decedent had
opened the doors of the tunnel for the passage of a train it
was his duty to go from his position on the north side of the
track, in the regular course of his duty, to take a position on
a platform on the south of the track about 150 feet distant
from the tunnel doors, and therefrom signal to the engineer
of the passing train.    In so doing he necessarily crossed over
the track.    After a train had passed out of the tunnel at his
doors he was required to report to the other watchman that
the train had cleared the tunnel.    Between 11 and 12
o'clock on the evening in question the decedent was notified
that a train of two engines and two cabooses was approaching
the north end of the tunnel.    He answered that everything
was all right, and thereupon the train passed into the north
end of the tunnel.    No report was made by the decedent to
the north-end watchman of its exit at the south end.    Later
in the night the north-end watchman learned from the oper-
ator at Summit, a station about a mile south of the tunnel,
that the train had passed Summit.    About an hour after
the train had left the tunnel Smith was found dead, near to
and south of the track, and not far from the place where he

was required to be stationed in signaling the passing engineer. His skull over the left eye had been fractured and one of the bones of an arm was broken. It appears that the rear caboose of the train had become detached, and that it was found standing on the track between the south entrance of the tunnel and Summit station, 200 or 300 feet north of Summit. The track through the tunnel from north to south and toward Summit was an ascending incline. The smoke from engines passing through the tunnel would naturally collect near the south opening and extend into the cut southward to where decedent was found.

At the conclusion of the evidence the court directed a verdict for defendant and awarded judgment accordingly. This is an appeal from such judgment.

For the appellant there were briefs by *Masters, Graves & Masters,* and oral argument by *R. B. Graves.*

For the respondent the cause was submitted on the brief of *Edward M. Hyzer.*

The following opinion was filed November 5, 1907:

SIEBECKER, J. An examination of the evidence at once leads to the inquiry: How did the decedent come to his death? Appellant insists that the facts and circumstances adduced tend to show to a reasonable certainty that he was struck by the detached caboose as he was about to cross the track in the regular course of the performance of his duties, while he was going from his proper position for signaling the engineer on the south of the track, and some distance from the tunnel, to his appointed station on the north of the track near the doors of the tunnel, there to await the arrival of the next train. There is no direct proof on the subject. The claim is that the facts point persuasively to the conclusion that decedent must have started from his usual position on the south of the track to recross it on the way to the tunnel doors when he was struck by the detached caboose. But is this well

founded? Are not the facts and circumstances of equal probative force in support of the inference that he was struck by one of the engines or the other caboose, or that the injury was inflicted in some other and wholly unaccountable way, or that his death was due to some purely accidental means, without the fault or neglect of any one? A consideration of the situation presented by the facts and circumstances leaves the cause of decedent's death shrouded in such uncertainty that it cannot be said that it was due to defendant's negligence. It devolved on the plaintiff, under the burden of establishing the facts at issue, to produce evidence which tended to show with reasonable distinctness how decedent came to his death. This burden is not met by proof which is as consistent with a theory that his death was due to a cause not actionable as with a theory that it was due to an actionable cause, and in such a state of the proof the case fails to come within the proper province of a jury. We deem the case to be within the decisions in the following cases, and are persuaded that the evidence is not sufficient to warrant submission of plaintiff's case to a jury and that the nonsuit was properly granted: *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338, 14 N. W. 446; *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Chybowski v. Bucyrus Co.* 127 Wis. 332, 106 N. W. 833, and cases cited.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied January 8, 1908.