SAPIENZA, Respondent, vs. WORDEN-ALLEN COMPANY, Appellant.

*October 31—November 19, 1912.*

*Negligence: Building operations: Accidental injury: Evidence: Sufficiency: Unsupported verdict.*

Defendant was engaged under a contract in erecting an addition to the power plant of an electric railway company, and had placed several large iron girders so that one end rested upon a concrete wall and the other end upon a large pile of rubbish in an adjacent excavation. While they lay in that position, apparently secure, a small girder lying near was lifted by a derrick from the rubbish pile, and the plaintiff, who with other employees of the railway company had been engaged in picking up wood and lumber from the pile and who had stood aside during the lifting of the small girder, resumed his work. Within a few minutes thereafter, the cause being otherwise unexplained, the end of one of the large girders slipped from the pile against plaintiff and broke his leg. *Held,* that so far as appears the fall of the girder was purely accidental, the cause thereof resting wholly in conjecture, and that findings by the jury to the effect that the injury was proximately caused by negligence of the defendant in lifting the small girder were unwarranted.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries sustained by the plaintiff.

The complaint alleges that the defendant, the *Worden-Allen Company,* was erecting under contract for the Milwaukee Electric Railway & Light Company an addition to the north side of its electric power plant located on Commerce street in the city of Milwaukee, and had piled heavy iron girders, weighing several tons each, in close proximity to a depression or excavation. On the 14th day of March, 1911, while the plaintiff, acting under orders and directions of a foreman of

his employer, the Milwaukee Electric Railway & Light Company, was in the act of picking up and removing wood and lumber from a pile of rubbish in the depression or excavation, one of the heavy iron girders fell from its place and rolled down the pile of rubbish against the leg of the plaintiff, causing a fracture of his left leg. The alleged charge of negligence of the railway company in furnishing the plaintiff with an unsafe and dangerous working place in permitting the iron girders to be so insecurely piled and placed that one fell and injured the plaintiff was dismissed.

The *Worden-Allen Company* is charged with negligence in that it violated its duty to the plaintiff to select a proper and safe place to pile the girders and to pile them securely and to place them in such a position that they would not fall.

A demurrer to the reception of any evidence under the complaint was overruled by the court.

The jury returned a special verdict finding that the defendant, within about five minutes of the accident, had raised a short piece of iron lying partly in the rubbish upon which the long iron column rested and which short piece of iron was only a few inches from the iron column; that the defendant was guilty of a want of ordinary care in so causing the short piece of iron to be raised; that the want of ordinary care on the part of the defendant was the proximate cause of the injury; and that the plaintiff was not guilty of any want of ordinary care which proximately contributed to his injury.

The court refused to direct a verdict for the defendant; refused to change answers to certain questions of the verdict as requested by the defendant and to order judgment on the verdict as so changed; refused to order judgment for the defendant notwithstanding the verdict, and to set aside the verdict and grant a new trial; and granted a motion for judgment for the plaintiff on the verdict.

This is an appeal from the judgment.

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *C. F. Fawsett.*

*Harry M. Silber,* for the respondent.

SIEBECKER, J.   The evidence in the case shows that in the construction of the addition to its Commerce street plant the railway company had thrown the rubbish accumulating. during the building into an excavation five or six feet deep on the opposite side of a sixteen-foot alley from the addition. The excavation, which was the cellar to a building which had either been removed or never constructed, was surrounded on three sides by concrete walls.   The rubbish thrown into the excavation extended into the excavation for ten or twelve feet on a level with the ground and then gradually declined to the bottom of the excavation.

About two weeks before plaintiff was injured the *Worden-Allen Company* had brought three iron girders or columns, between forty and fifty feet in length and about twelve by twelve inches, weighing several tons each, to these grounds, and had placed them so that one end of the girders rested on the wall surrounding the excavation and about eight feet of the other end rested on the pile of rubbish in the excavation. One girder was placed on top of another, while the third lay near by.   The persons who handled them testified that they were securely and safely placed.

Shortly before the plaintiff was injured he and four other laborers employed by the railroad company were ordered by the foreman to pick up the wood and lumber from the rubbish pile in the excavation and to load it into a wagon.   While they were working at this task the foreman for the defendant called to them to look out, and they stood aside while a small iron girder which lay near the large girders was lifted by a derrick from the pile of rubbish.   There was evidence in plaintiff's behalf that this short girder was partly imbedded in the pile of rubbish, and that as it was raised by the derrick

the large girder was stirred and raised a little from the rubbish and that it then settled back into its former place. Immediately after the small girder had been raised the five laborers resumed their work of picking up the wood from the rubbish pile, and while the plaintiff had his back turned to the large girders the end of the separate large girder which rested on the rubbish pile slipped from the rubbish pile against the plaintiff and caused the fracture of his left leg. There is some testimony to the effect that the slipping of the large girder occurred within three minutes after the small girder had been raised.

The appellant challenges the court's ruling to the effect that these facts furnish a basis for an inference that defendant's employees were negligent in conducting these operations; that such negligence was the proximate cause of plaintiff's injuries; and that plaintiff was free from any contributory negligence. It is obvious from the evidence that the girders rested safely on the rubbish heap up to the time that the defendant's servants and the plaintiff and his fellow workmen came there to proceed with their respective tasks; that is, to raise the short iron beam or girder and to pick up wood near the foot of the pile of rubbish in the excavation. So far as the facts disclose, all parties were rightfully there and each had knowledge of what the others were doing. Can it be said that the defendant's employees were guilty of a want of care in performing the act of raising the short piece of iron, which, the jury found, proximately caused plaintiff's injury? The facts in evidence do not warrant such an inference. The claim that this operation caused the end of the girder that fell from the rubbish to rise and fall back and immediately thereafter to slide from the rubbish is based on very vague and uncertain evidentiary facts. The facts tending to support such an inference are wanting in probative force. The evidence fails to show that the girder which injured plaintiff was at all disturbed by raising of the small iron.

Nor does it appear that the operation in any way could cause it to slip from the rubbish pile. The jury's finding that it did so is a mere conjecture and is not supported by facts or by legitimate inferences therefrom. So far as disclosed, it can be asserted with equal force that the removal of rubbish by the plaintiff and others working with him disturbed the safety of the girder and caused it to slip from its resting place. What caused the girder to fall on plaintiff is shrouded in uncertainty and speculation, and there is no reasonable ground of certainty that it was the result of the acts of the defendant's employees. Furthermore, there is nothing in the record to warrant an inference that the falling of the girder was to be anticipated by any one. It appears to have been one of those unusual events which are purely accidental and unconnected with anything the plaintiff or the defendant's employees did. Under such circumstances and conditions the plaintiff has wholly failed to meet the legal burden of establishing by evidence the necessary facts tending to show any negligence of the defendant which proximately caused his injuries.

The record is reasonably clear that the plaintiff was informed of what defendant was doing in hoisting the iron and that he stepped aside from his place near the girder during the initial steps in the operation, and that he then resumed his place near it shortly before the girder fell. Every consideration of the situation suggests that he was as fully apprised of the situation and condition of things and their attendant hazards as were the defendant's employees, and knowledge of any danger from the girder slipping must be attributed to the plaintiff as well as to any of the defendant's servants. In such a view of the facts and circumstances, his act in returning to the place of danger would be inexcusable under the rule of ordinary care and would make him guilty of voluntarily exposing himself to it and the risk of injury therefrom. We are persuaded that the evidence does not

warrant the inference that the defendant's servants were guilty of a want of care which caused plaintiff's injuries and that he has failed to meet the burden cast upon him of showing a liability. The case should not have been submitted to a jury, under the rule of *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Schell v. C. & N. W. R. Co.* 134 Wis. 142, 113 N. W. 657; and *Chybowski v. Bucyrus Co.* 127 Wis. 332, 106 N. W. 833.

The defendant's motion for judgment should have been granted.

*By the Court.*—Judgment reversed, and the cause remanded with directions to award judgment dismissing the complaint.