BECKER, Appellant, vs. BEAVER MANUFACTURING COMPANY, Respondent.

*October 7—October 27, 1914.*

*Appeal: Reversal: Error must appear affirmatively: Findings of fact: Opinion of trial court: Sales: Warranty.*

1. To warrant the reversal of a judgment upon appeal, manifest prejudicial error must affirmatively appear, after giving due weight to the findings of the trial court.
2. The findings of the trial court must be taken as the judicial conclusion in a case both as to matters of fact and matters of law, an opinion filed therewith being of little consequence except as explanatory of the findings.
3. Where a contract for the purchase of an automobile contained the words "Guaranty as per catalogue," but the purchaser afterwards complained of the machine and declared he would not accept it unless a warranty in writing specifying particulars and covering the understanding had with the sales agent was furnished, and a writing was sent to him to satisfy such demand, that writing must be regarded as having been sent and received as explaining or taking the place of any previous warranty.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The action was to recover the sale price of an automobile. Plaintiff had paid for the machine and sought to recover back because, as claimed, of a breach of warranty and rescission on

that account of the purchase.    The action was tried in the civil court of Milwaukee county, resulting in a judgment of dismissal, which was affirmed on appeal to the circuit court.

The contract of purchase, upon which the machine was delivered, contained the words, "Guaranty as per catalogue." After trying the machine, plaintiff addressed a letter to defendant mentioning many defects therein, and declaring he would not accept it without a written and specific warranty, embodying features which rested largely in parol.    Thereupon defendant sent him a paper worded as follows:

"We hereby guarantee the 'Petrel' automobile manufactured by us to be free from defects in material and workmanship not caused by natural wear and tear, for a period of one year from date, and will replace at our factory such defective part when it has been sent back for our inspection charges prepaid.    This guarantee does not cover magneto, coils, rims, tires and parts not manufactured by us."

Thereafter plaintiff continued to complain of the machine and defendant wrote him:

"We trust you will feel free to call upon us from time to time whenever we can be of service to you as we desire to have Petrel cars entirely satisfactory to our customers."

Upon further complaint being made defendant wrote plaintiff under date of November 4, 1912:

"The writer notes that you have been having a little trouble with your car recently and wishes to assure you that we shall give your difficulties our very best attention."

And on December 3d:

"Under the circumstances we do not guarantee magnetos, we can only offer to see that your car is in first-class running condition."

There was evidence tending to show this: The terms of the written warranty were complied with up to the time plaintiff refused to keep the machine.    It was free from defects in material and workmanship, not caused by natural

wear and tear. Replacements were made as agreed upon. In November and after repeated complaints by plaintiff as to the running qualities of the machine and attempts by defendant to remedy the claimed difficulties to his satisfaction, one of defendant's employees visited him for the purpose of making further repairs, if found necessary. The magneto needed overhauling. For the purpose of doing that and with plaintiff's consent, such employee took the machine to Milwaukee. After it was thus out of plaintiff's possession he, by letter, rejected it and demanded back the money he had paid therefor, which was refused. After the machine was received in Milwaukee the magneto was repaired and the machine run on one or two occasions to try it out, but not as the property of defendant. The latter did not, at any time, acquiesce in a rescission of the sale contract, or receive or retain the machine as not satisfying the calls of the warranty. There were findings accordingly and a judgment of dismissal based thereon.

For the appellant there was a brief by *Schmitz, Wild & Gross,* attorneys, and a supplemental brief by *J. M. Becker, in propria persona,* and oral argument by *Mr. Becker* and *Mr. E. J. Gross.*

*John A. McCormick,* for the respondent.

MARSHALL, J. As indicated, there was conflicting evidence as to whether the machine was defective within the field covered by the warranty. It may well be, as suggested by the circuit court, that the probabilities, looking at the printed record alone, are rather more in favor of appellant than respondent; but that furnishes no sufficient warrant for an appeal to this court. After giving due weight to the findings of the trial court, manifest prejudicial error must affirmatively appear to warrant a reversal. Hence the instances are very few where, upon such consideration as should be bestowed upon the matter, an appeal for a review in this

court of the result below as to the facts is advisable or even justifiable.

Notwithstanding the very full review of the case by counsel for appellant, we are unable to discover anything which calls for a disturbance of the decision of the circuit court or requires any extended discussion here. The case is exceedingly simple.

True, as appellant contends, the complaint was ample to permit proof of a rescission of the sale contract. Probably substantially all the evidence bearing on that question was produced and it was passed upon in the findings, though not in the opinion. The latter is of little consequence except as explanatory of the findings. It was an unnecessary effort. The findings which, in contemplation of the written law, were made by the trial judge, and in the opinion of the writer should always be so made in fact, must be taken as the judicial conclusion in the case both as to matters of fact and of law. Such findings cover all the questions raised by appellant and also unnecessary immaterial matters.

If there be anything in the case which warrants special treatment, it is whether the court below came to the right conclusion as to the nature of the warranty. It will be observed that when the contract was made a warranty was mentioned, in general terms, and referred to defendant's catalogue for particulars. Later, appellant complained of the machine and, upon his threat to reject it unless a warranty in writing specifying particulars and covering the understanding had with the sales agent was furnished a writing was sent to him to satisfy such demand. The trial court was right in concluding that such writing, under the circumstances, must be regarded as having been sent and received as explaining or to take the place of any previous warranty. The subsequent writings are consistent with and do not vary it in any way. Therefore it furnishes the test as to whether any ground existed for a rescission of the contract. Upon

that theory the trial court found, 'upon evidence somewhat conflicting, as before stated, that defendant performed all the conditions of its contract up to the time of the commencement of this action.    The finding on the question of rescission is amply supported.

*By the Court.*—The judgment is affirmed.