ALSHEIMER and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*May 18—June 12, 1917.*

*Criminal law and practice: Prior convictions: Evidence: Pleading: Opening statement: Error affecting substantial rights.*

1. In a criminal prosecution evidence of prior convictions cannot be received unless they are alleged in the information.
2. Where prior convictions were not alleged in the information, it was error to permit the district attorney to state, in his opening remarks, that he would prove such convictions, and such error is *held* in this case to have "affected the substantial rights of" the defendants (sec. 3072m, Stats.), it appearing that the evidence upon which they were found guilty was far from conclusive and was such that different juries might very well arrive at different results, and that not until the close of the trial—no evidence of such convictions having been offered—did the trial court instruct the jury to disregard such statement. MARSHALL, J., WINSLOW, C. J., and VINJE, J., dissent.

ERROR to review a judgment of the municipal court of Dane county: AUGUST C. HOPPMANN, Judge. *Reversed.*

Assault with intent to rob. The plaintiffs in error, *Alsheimer* and *Kronenberg,* hereinafter designated defendants, on the 29th day of March, 1917, were convicted of the crime of committing an assault with intent to rob, being unarmed. The information is as follows:

"I, Harry Sauthoff, district attorney for said Dane county, hereby inform said court that *Joseph Alsheimer* and *Herman Kronenberg,* on the 25th day of February, 1917, at the city of Madison, in said Dane county, did unlawfully and feloniously assault one Albert Wendt, with force and violence and with intent then and there to rob, not being armed with a dangerous weapon, against the peace and dignity of the state of Wisconsin."

In his opening statement to the jury the district attorney stated (1) that he would show by the clerk of the court that the defendant *Alsheimer* in December, 1914, had been convicted of the crime of burglary and sentenced to two years in

the state prison; (2) that the defendant *Kronenberg* had been convicted of the crime of burglary in December, 1908; (3) that *Kronenberg* had been convicted of the crime of burglary on June 4, 1912; and (4) that he would show that defendant *Kronenberg* had been convicted of· the crime of burglary in February, 1904. To each of these statements as made counsel for defendants objected on the ground that the statements were prejudicial, and requested the court to admonish the district attorney and to instruct the jury that they should disregard the statements made by him. The court overruled the objection and the trial proceeded. In his instruction given at the close of the trial the court said:

"Gentlemen of the jury, in the opening statement made by the district attorney yesterday he referred to certain records of the defendants in this case, which he said he would introduce in evidence. I want to instruct you, now, as you know· that no such evidence has been introduced, no records have been introduced with reference to any offense or offenses of any kind heretofore committed by the defendants, and the court instructs you that all the statements made by the district attorney, so far as they refer to those records of these defendants and those offenses or any records of the defendants in the past, you must entirely disregard. They are not evidence in the case at all, and the court now withdraws these statements from you, gentlemen of the jury."

The jury found both defendants guilty and they were sentenced to the state prison at Waupun for a period of two years, and this writ is prosecuted to review the judgment.

For the plaintiffs in error there was a brief by *Elmore T. Elver* and *Henry H. Morgan* of Madison, and oral argument by *Mr. Elver*.

For the defendant in error there was a brief by the *Attorney General* and *Harry Sauthoff*, district attorney, and oral argument by *Mr. Sauthoff*.

Rosenberry, J. That evidence of such prior convictions could not be received unless such prior convictions were al-

leged in the information has been repeatedly determined by this court. *Paetz v. State,* 129 Wis. 174, 107 N. W. 1090; *Howard v. State,* 139 Wis. 529, 121 N. W. 133; *Dahlgren v. State,* 163 Wis. 141, 157 N. W. 531.  That it was error for the district attorney, such facts not being set forth in the information, to make the statements which he did to the jury, is likewise well established.  *Buel v. State,* 104 Wis. 132, 80 N. W. 78; *Baker v. State,* 120 Wis. 135, 97 N. W. 566; *Paulson v. State,* 118 Wis. 89, 94 N. W. 771.  No attempt was made to amend the information and no effort was made to introduce evidence in support of the statements made by the district attorney.

"Section 3072m. No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

Does it appear that the substantial rights of the defendants are affected by the error complained of?  The evidence upon which the defendants were found guilty was far from conclusive, and different juries might very well arrive at different results.  As was said by this court in *Paulson v. State,* 118 Wis. 89, 99, 94 N. W. 771:

"In a doubtful case even the trained judicial mind can hardly exclude the fact of previous bad character or criminal tendency, and prevent its having effect to swerve such mind toward accepting conclusion of guilt.  Much less can it be expected that jurors can escape such effect."

Had the district attorney made any one of the statements complained of, objection thereto been promptly sustained,

and the jury then and there instructed to disregard such
statement, it might be said that the substantial rights of the
defendants were not affected.   In this case, however, objec-
tion to the improper remarks was made promptly, and re-
peated as each statement was made, and the objection over-
ruled by the court.   The impression gained by the jury was
permitted to remain with them for more than a day, and then
the jury were instructed that the statements of the district at-
torney so far as they related to the defendants' records should
be disregarded.   Upon this record we are of opinion that the
substantial rights of the defendants were affected by the error
complained of.

It does not appear from the record whether the facts stated
by the district attorney were or were not susceptible of proof,
and it may well be that the jury thought the evidence was
excluded for some technical reason, and their deliberations
must have been affected to some substantial extent by the im-
proper statements.   While the administration of our crim-
inal law should not be embarrassed by a strict adherence to
merely technical rules, yet each citizen is entitled to a fair
trial.   If the men were not ex-convicts as stated by the dis-
trict attorney, there was no justification for the statements;
if the statements were true, the procedure was clearly and
plainly marked out.   The facts must be alleged in the in-
formation, and if not so alleged when it is filed it may be
amended on leave of court.   When the facts are set out in the
information and admitted by the defendant, it is prejudicial
to allow proof of them and comment thereon by the district
attorney.   *Howard v. State,* 139 Wis. 529, 121 N. W. 133.

Other errors complained of are not likely to be repeated
upon a second trial, and we shall not further notice them
here.

*By the Court.*—Judgment reversed, and cause remanded
for a new trial.   The warden of the state prison will deliver

the plaintiffs in error into the custody of the sheriff of Dane county, who will hold them in custody to await the further order of the court.

MARSHALL, J. (*dissenting*).    Did the improper conduct of the trial really prejudice defendants?    That is the question upon which the case turned and in respect to which the court is divided.

There are many authorities found in other jurisdictions and some prior to our late statute, in respect to disregarding harmless errors, which are in harmony with the conclusion reached.    Many are cited and quoted from in the brief of counsel for plaintiffs in error; but they do not apply to our system.

Formerly the rule was that prejudice is to be presumed from the happening of error; but that has been radically changed by the written law and this court's administration of it.    It would be a most regrettable backward step to not give, significantly, full effect to the reformed system, which it seems the result in this case will be regarded as failing to do, though it is not likely that such is intended.

Who here would consciously return to the system so out of harmony with our beneficent Code, which once rendered judgments so unstable as to be open to attack for inconsequential errors not affecting substantial rights, to the great prejudice of the public welfare?    No one, I venture to assert.

This court may well be said to be in the front rank in rescuing judicial administration from a condition which was very unsatisfactory to the public because of the instability of judgments from the fatality of errors which, from a common-sense standpoint, did not affect them.    I write this dissent for the purpose of giving as much significance to that as I reasonably can.

The people, designing to remedy the infirmity of the old system to which I have referred, early commanded that,

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of any such error or defect." Sec. 2829, Stats.

That applies to criminal as well as civil actions. *Oborn v. State,* 143 Wis. 249, 126 N. W. 737. For a time it was so overlooked as to not have the intended efficiency. After the court had substantially returned to the system of the written law, though leaving some uncertainty in respect thereto by reason of conflicting judicial expressions, evincing some want of harmony as to the scope of the written law, the legislature more emphatically and comprehensively restated its command, thus:

"No judgment shall be reversed or set aside or new trial. granted in any action, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the' substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial." Sec. 3072*m*, Stats.

The last expression of the people's will left no room for fair doubt as to its scope and the court has endeavored to effectuate it, as indicated in *Oborn v. State, supra; Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179; *Adams v. Bucyrus Co.* 155 Wis. 70, 75, 143 N. W. 1027; *Becker v. Beaver Mfg. Co.* 158 Wis. 471, 149 N. W. 209.

It has been considered, as an examination of the cases cited will clearly show, that, now, instead of prejudice being presumed from the happening of error and such presumption being efficient unless affirmatively overcome by an examination of the whole record, the presumption is not only against error but, in case of its occurring, against its being prejudi-

cial as to affecting any substantial right of the party complaining, such presumption to prevail unless affirmatively,—that is evidentiarily,—overcome by a reasonably clear appearance from the record that it was so harmful that, had it not occurred, the result might probably have been more favorable to the party complaining, such appearance to be convincingly apparent in the opinion of the court called upon to consider the matter from all the circumstances disclosed by such record.

Now, does the record before us satisfy the test of the written law for harmful error? To me it seems not. In answering that question I must consider that the trial court, who saw the defendants and the jury and, probably, knew some or most of the latter, in absence of a clear appearance to the contrary, must be presumed to have rightfully held that the improper remarks of the prosecuting attorney, in view of the court's instructions, did not efficiently influence the result. I must also assume that the jury was made up of intelligent, considerate men who understood and gave heed to the court's instructions, since there was ample testimony, direct and circumstantial, from which they might reasonably have reached the conclusion which they did.

True, the instructions to disregard the objectionable remarks of the prosecuting attorney in opening the case came a little late; but they were as plain and unmistakable as language could well be. With the jury before him, the judge could form an opinion, as correctly as practicable, whether he could efficiently withdraw such remarks from the attention of the jury. What is a trial court to do under such circumstances? The judge cannot anticipate and prevent such occurrences as those in question. Must he stop the trial and impanel a new jury in such a situation, which might happen in the closing hour of a long and expensive contest? May it not be left to him, viewing the entire situation, taking into consideration the character of the jury, that of the defendants

as they appear before him, and all the circumstances of the case, to deal with the matter efficiently, where, as here, there is ample evidence, circumstantial and direct, to take the case to the jury? I think so, and that such is the clear spirit of the Code. It was, in part, to vest just such power in a trial judge, the exercise of it not to be rendered ineffectual except by an affirmative showing, in view of all the circumstances shown by the record, that the improprieties involved may probably have led to the result complained of, that the written law was enacted, looking to a more common-sense, economical, from a private and public viewpoint as well, and more certain attainment of justice.

In conclusion I will say that I cannot discover any satisfactory affirmative rebuttal of the statutory presumption against prejudice from the circumstances relied upon by the majority for a reversal of the judgment. I have not deemed it best to refer to precedents where the efforts of trial judges to withdraw objectionable matters from a jury have been held efficient. There are many on the subject, each turning on the facts of the particular case. In view of the system based on our Code, I do not deem such decisions as particularly helpful.

I have written somewhat at length, deeming it of great importance that the court should firmly and fully vindicate the purpose of the written law, as it has been administered in recent years. I fear the decision here will be considered as out of harmony therewith.

I am permitted to say that the Chief Justice and Justice VINJE concur in my opinion that the record does not satisfy the required test for harmful error.