Schwartz, Plaintiff in error, vs. The State, Defendant in error.

*March 13—April 6, 1920.*

*Criminal law: Incest: Evidence of reputation: Witnesses: Delay in striking out incompetent testimony: Harmless error.*

1. At the trial of the defendant on a charge of incest, testimony of three witnesses to his bad reputation for chastity and morality should have been stricken out and the jury admonished to disregard it, where it appeared on cross-examination that each witness had heard no one discuss such reputation except the others.

2. Where it appeared that such witnesses had no knowledge as to defendant's bad reputation except such as they had acquired from each other, but the circumstances were strongly corroborative of the defendant's guilt and it does not seem probable that another jury would reach a different conclusion, the failure to strike out the evidence and instruct the jury to disregard it until the close of the testimony, sixteen hours after its admission, was harmless.

Error to review a judgment of the municipal court of Milwaukee county: Walter Schinz, Acting Judge. *Affirmed.*

Plaintiff in error was convicted of the crime of incest, and the case comes to this court upon a writ of error.

The cause was submitted for the plaintiff in error on the brief of *Curtis & Mock* of Milwaukee, and for the defendant in error on that of the *Attorney General, Winfred C. Zabel,* district attorney for Milwaukee county, and *George A. Shaughnessy,* assistant district attorney.

OWEN, J.   Plaintiff in error, hereinafter called the defendant, assigns numerous errors relied upon for a reversal of the judgment of conviction.   All have received careful consideration, but to treat them seriatim would unduly prolong this opinion and serve no purpose except to swell the surfeit of commonplace legal literature.   But one assignment of error seems to be of sufficient importance to justify discussion.

Upon rebuttal, three witnesses testified to the bad reputation of defendant for chastity and morality in the community where he lived.   Upon cross-examination each witness admitted that she had heard no one discuss the subject of defendant's reputation except the other two witnesses, so that their sole knowledge upon the subject was obtained from one another.   When it appeared that their only knowledge of his reputation, in respect to which they testified, was such knowledge as had been acquired from one another, a motion was made to strike out their evidence.   This was denied at the time, but, before the case was argued to the jury and some sixteen hours after the testimony had been received, the court struck it out and instructed the jury to entirely disregard it.   It is apparent that the evidence should have been promptly stricken and the jury admonished to disregard it; and the question is whether prejudicial error resulted from the delay of the court in so doing.

In *Alsheimer v. State,* 165 Wis. 646, 163 N. W. 255, in his opening statement to the jury, the district attorney improperly said that he would prove that the defendants had been convicted of other crimes upon previous occasions.

This was objected to, and the court requested to admonish the jury to disregard it. The objection was overruled and the trial proceeded. At the close of the trial, and in the charge to the jury, the court told them to disregard the statement. In that case the failure of the court to promptly admonish the jury to disregard the statement of the district attorney was held reversible error. · In view of the fact that the evidence upon which the defendants were convicted was far from conclusive, the court thought that the impression gained by the jury from the statement of the district attorney, and which was permitted to remain with them throughout the trial, might well have influenced their deliberations. While in this case the only direct evidence of plaintiff's guilt is that of his daughter, with whom the incestuous relations were alleged to have taken place, nevertheless the circumstances are strongly corroborative of guilt, and it does not seem to us probable that another jury would arrive at a different conclusion. Furthermore, if the evidence had been permitted to stand, its influence with the jury could have been but trifling. The admissions of the three witnesses that their knowledge of defendant's reputation for chastity and morality was gained entirely from conversations with one another, were sufficient to strip the evidence of force. From the fact that the court did ultimately strike it out, that it was exceedingly weak at the best, and that the record in the case satisfactorily establishes defendant's guilt, the circumstance does not constitute reversible error.

*By the Court.*—Judgment affirmed.