PINTER, Appellant, vs. WENZEL, Respondent.

*November 19—December 14, 1920.*

*Negligence: Filling gasoline tank at supply station: Explosion: Burden of proof.*

1. In an action for injuries to the rider of a motorcycle when gasoline ran over the edge of the tank onto the hot radiators and exploded while the tank was being filled, evidence which did not show whether the gasoline was spilled over the edge or flowed over it from an expulsion from the container in the process of filling, in connection with the uncontradicted

testimony of an employee of the defendant that the quantity
of gasoline ordered by plaintiff had not been supplied when
the explosion occurred, is *held* to leave the cause of the
explosion to mere speculation and conjecture, and a nonsuit
was properly granted.

2. Actionable negligence must be affirmatively shown, and the
plaintiff has the burden of showing with reasonable certainty
how the accident happened.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge.   *Affirmed.*

This action was brought for damages for personal injuries
sustained by the plaintiff, which injuries plaintiff alleges
were due to negligence of the defendant. At the close of the
testimony the court granted a nonsuit and awarded judg-
ment dismissing the complaint. This is an appeal from
such judgment.

For the appellant there was a brief by *Walter F. Mayer,*
attorney, and *Vincent D. Hennessey,* of counsel, both of
Milwaukee; and the cause was argued orally by *Mr. Mayer.*

For the respondent the cause was submitted on the brief
of *Ray J. Cannon.*

SIEBECKER, C. J.  On May 18, 1919, the plaintiff, who
was riding a motorcycle, requested an employee of defend-
ant to supply his motorcycle with one gallon of gasoline
from a gasoline filling station operated by defendant at a
pleasure park owned by him.  The plaintiff remained seated
on the motorcycle and undertook to hold the hose and adjust
the nozzle to guide the flow of the gasoline into the con-
tainer while the employee of defendant turned the crank of
the filling-station tank.  The gasoline overflowed the gaso-
line container of plaintiff's motorcycle and poured over the
motor, an explosion occurred, and plaintiff sustained the in-
juries complained of.  Defendant claims that plaintiff or-
dered his employee to put one gallon of gasoline in the
container of the motorcycle; that three complete turns of
the crank of the filling pump are necessary to supply one

gallon of gasoline from the filling-station tank; that the operator had turned the crank but two times and a fraction when the gasoline flowed onto the motor and the explosion occurred. The trial court held that the evidence failed to establish actionable negligence on defendant's part. The nonsuit was evidently granted upon the ground that the evidence in its nature will not permit of an inference that the employee of defendant furnished more than one gallon of gasoline as called for by plaintiff. The evidence of defendant's employee who operated the gasoline pump is positive that less than one gallon had been pumped when the explosion occurred. There is no testimony to contradict this unless it be negatived by the fact that the overflow of gasoline onto the hot parts of the motorcycle resulted from overfilling the one-gallon container of the motorcycle. The overflow of gasoline onto the hot parts of the motorcycle seems undisputed. It is to be borne in mind that this overflow may have been caused by a slight spill or spray of gasoline as it passed from the hose nozzle into the motorcycle container, or by having the gasoline spill onto the outside of the container, due to a sudden expulsion or puffing out from the opening of the container in the process of filling. These different ways of causing the gasoline to flow outside of containers are known to occur in the process of delivering gasoline to motor vehicles by the means and in the manner described by the witness in this case. The testimony furnishes no certain and reliable basis for an inference showing what caused the gasoline to flow outside the container and thus come in contact with the hot parts of the motorcycle. This fact remains an uncertainty and a speculation and rests on mere conjecture. *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729; *Schell v. C. & N. W. R. Co.* 134 Wis. 142, 113 N. W. 657.

Actionable negligence must be affirmatively shown. The burden rested on the plaintiff to show with reasonable certainty how the explosion was caused. We are persuaded

that the evidence fails to show this fact and that the nonsuit was properly granted.

*By the Court.*—The judgment is affirmed.