INDUSTRIAL HEATING & ENGINEERING COMPANY, Respondent, vs. AUSTIN, Appellant.

*December 3, 1929—January 7, 1930.*

*Carl H. Juergens* of Milwaukee, for the appellant.
*J. F. Woodmansee* of Milwaukee, for the respondent.

FRITZ, J. On December 6, 1921, the plaintiff contracted in writing with the defendant to furnish and install for $900 a complete steam-heating system in defendant's garage, excepting that defendant was to provide a suitable smoke-stack for the boiler. The contract had the following provision: "Office to be heated to 70° and garage to 50° at 10° below zero." The system failed to function as agreed, and plaintiff claimed that was due to the insufficiency of the stack. On April 24, 1923, in a supplemental written

agreement the defendant agreed to pay to plaintiff an unpaid balance of $175 and $25 additional, "when the heating plant is properly tested next winter and fulfils the requirements of seventy degrees in the office and fifty degrees in the garage when the temperature outside is ten degrees below zero."

Plaintiff provided the new stack, but the test could not be made until the temperature dropped to ten degrees below zero during the following winter. Until then, the occupant of the garage had to use the system during cold weather, and during that time some of the flues of the boiler cracked, and the occupant made some minor changes in the piping and radiation to promote the efficiency of the system. When plaintiff discovered those changes and that some of the flues were cracked, it claimed that the damage to the boiler was due to defendant's negligence, and refused to make the tests to bring the system up to the warranted requirements.

Plaintiff commenced this action to recover the balance of $200 payable under the contract. Defendant filed a pleading stating that he "for his answer and counterclaim admits, denies, and alleges as follows," and then by admissions and allegations pleads the written contracts, including warranties; plaintiff's breach of warranty by reason of the inadequate capacity of the heating system; immediate and subsequent notices to plaintiff of the failure of the system to comply with the warranty; plaintiff's failure to remedy conditions because of which the system failed to operate in accordance with the warranty; and denies indebtedness to plaintiff and alleges, "By reason of all which defendant has been damaged in the sum of $200." He asks judgment dismissing plaintiff's complaint "and for judgment against defendant in the sum of two hundred dollars" and costs.

On the trial the court held that the answer sufficiently asserted a counterclaim, although it is not a model pleading

in so far as it fails to separately allege, either by way of repetition or by reference, the particular facts relied upon to constitute a cause of action, as basis for a counterclaim; and also has a manifestly clerical error in asking for judgment against the "defendant" instead of the plaintiff. The pleader stated at the outset that his admissions and allegations were for defendant's "counterclaim" as well as for his·answer, and it does not appear that the defects in form either misled or resulted in surprise to plaintiff when the court admitted evidence on the trial in support of that counterclaim, and, subsequently, permitted the defendant to amend his counterclaim by increasing the amount of his damage to $600, in conformance with the uncontradicted evidence on the subject of damages. There was no error in those respects.

The civil court found that, after the plaintiff had installed the new stack, the heating plant could not heat the premises as warranted and did not comply with the warranty; that the reasonable value of a plant which would conform to plaintiff's warranty would be $1,500, which would be $600 more than the $900 for which plaintiff had agreed to furnish an adequate plant; and concluded that the defendant was entitled to recover those $600, less the $200 balance of the contract price which was still unpaid. From a judgment for defendant on his counterclaim, for that difference of $400 and costs, the plaintiff appealed to the circuit court.

On that appeal, as well as now in this court, the judgment of the civil court should not be reversed in the absence of substantial, prejudicial error, or unless it was against the clear preponderance or great weight of the evidence. See *Rauch v. Bensman, ante,* p. 36, 227 N. W. 253, 254, and cases cited; also *Becker v. Beaver Mfg. Co.* 158 Wis. 471, 473, 149 N. W. 209.

A review of the record discloses that the evidence fairly admitted of the civil court's finding that, after the plaintiff·

had installed the new stack, the plant was still inadequate to function in compliance with the warranty. Although no final test could be made until the weather was ten degrees below zero, it was necessarily within the contemplation of the parties that the plant would have to be used to heat the premises in the meantime. The evidence discloses that during such use it was impossible for the plant to heat the premises to the warranted temperatures even when the outdoor temperature was not as cold as ten degrees below zero; that during that period complaints were made to the plaintiff about the failure of the plant to heat the premises, but that plaintiff failed to remedy conditions; and that although the occupant of the premises endeavored to improve results by making minor changes in radiation and piping, which were intended to improve the efficiency of the plant, nevertheless its capacity was inadequate, because the boiler was too small and there was no surplus boiler or radiator capacity to meet the requirements in cold weather.

On the appeal the circuit court concluded that the cracking or breaking of some of the flues of the boiler occurred because of the defendant's negligence; that because of those cracked flues and the minor changes in radiation and piping and some repairs which the occupant of the premises had made, it became impossible for the plaintiff to make the required test at ten degrees below zero and to complete the performance of its contract; and that, consequently, plaintiff could not recover the contract price, because it had failed to install a plant that would heat as warranted, and that the defendant could not recover because his negligence had prevented full performance by plaintiff.

Under the circumstances, in the absence of negligence, the mere breaking of the flues while using the plant to obtain results within the scope of the warranty, prior to the opportunity for finally testing it when the outdoor temperature was ten degrees below zero, would not defeat the rights

of the defendant under his contract. 24 Ruling Case Law, p. 294, § 576; *Smith v. Hale,* 158 Mass. 178, 33 N. E. 493.

In connection with the conclusion that the breaking of the flues was chargeable to the defendant's negligence the learned circuit judge said:

"There are a number of theories advanced to explain the condition of the boiler at the time the plaintiff's agent was there to make the test, but none of them are based on anything other than conjecture, and it is evident that no matter what explanation is offered the breaking could not have occurred without the negligence of the defendant."

Under the evidence the cause of that breaking is wholly conjectural. It may have been caused by freezing, or by foaming, or by excessive firing. There was no witness who knew when or how it happened. Freezing, if it occurred, might have been due to negligence of the defendant, but there was no evidence of such occurrence. Excessive firing would seem more likely. But, again, there was no evidence of such an occurrence, and, even if it had occurred in a mere effort to obtain, by usual firing practices, results within the scope of the warranty, that would not necessarily have constituted negligence on the part of the defendant. Foaming, the third possible cause, was perhaps the most likely. At one time during the trial plaintiff's counsel admitted that "this boiler foamed. That is what broke the boiler." And it appears from the evidence that if foaming occurred it was because the boiler, as furnished by the plaintiff, had some foreign substance in it which caused foaming when heated, and that the plaintiff, and not the defendant, would be chargeable with the consequences of such foaming. At all events, the cause of the breaking remains an uncertainty and a speculation, and rests on mere conjecture to such an extent as to furnish no reliable basis for finding that the breaking was due to negligence of the defendant. *Sapienza v. Worden-Allen Co.* 151 Wis. 210, 138 N. W. 611; *Pinter*

*v. Wenzel,* 173 Wis. 84, 180 N. W. 120; *Dreher v. United Commercial Travelers,* 173 Wis. 173, 180 N. W. 815.

On the other hand, the evidence establishes that the repairs and minor alterations, which were made in efforts to improve the efficiency of the plant when plaintiff failed to remedy its defects, did not impair its efficiency and were not responsible for the failure of the plant to function as warranted. Consequently, plaintiff has not been relieved from performing in accordance with its warranty by reason of any negligence or acts of the defendant, and defendant was entitled to the recovery awarded to him by the judgment of the civil court. The judgment of the circuit court must be reversed, and judgment entered in accordance with the judgment of the civil court.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.